**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BURBERRY LIMITED,
a United Kingdom Corporation

BURBERRY LIMITED,
a New York Corporation,

Plaintiffs,

v.

J.C. PENNEY CORPORATION, INC. and
THE LEVY GROUP, INC.,

Defendants.

Civil Action No.:

**COMPLAINT**

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**TRADEMARK COUNTERFEITING, TRADEMARK DILUTION,**
**FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**

Plaintiffs Burberry Limited, a United Kingdom corporation, and Burberry Limited, a New York corporation (collectively, "Burberry" or "Plaintiffs"), complain and allege against Defendants J.C. Penney Corporation, Inc. ("J.C. Penney") and The Levy Group Inc., ("Levy Group") (collectively, "Defendants") as follows:

## NATURE OF THE DISPUTE

1. This is an action for trademark infringement, trademark counterfeiting, trademark dilution and for violations of the New York State common law and related causes of action brought pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), Sections 349 and 360-1 of the New York General Business Law, and the common law of the State of New York. Through this action, Burberry seeks injunctive relief and damages arising from Defendants' willful misappropriation of Burberry's famous and distinctive

BURBERRY CHECK trademarks for their own gain. Upon information and belief, Defendants import, distribute, promote, offer for sale and/or sell wearing apparel that display infringing versions of Plaintiffs' famous trademarks.

2. For approximately a century, Burberry has devoted substantial resources to promoting the goodwill of its principal trademarks, including its distinctive check trademarks (referred to collectively herein as the "BURBERRY CHECK Trademark" or the "BURBERRY CHECK Trademarks"), among others, for a wide variety of goods, including scarves, coats, and other apparel and related items. As a result, the BURBERRY CHECK Trademark has become among the most famous marks in the United States and around the world for such products.

3. Attempting to capitalize on the strength and worldwide fame of the BURBERRY CHECK Trademark, the Defendants have offered for sale and sold merchandise, including scarf coats and jackets, which display the BURBERRY CHECK Trademark or substantially indistinguishable reproductions thereof. Defendants have offered for sale and sold their infringing products without Burberry's permission, authorization, or approval. Defendants' infringement of the BURBERRY CHECK Trademark is likely to cause, and has caused, consumers to believe mistakenly that the Defendants are either affiliated with, sponsored by or somehow connected to Burberry, or that the infringing products sold and promoted by Defendants either are genuine Burberry products, or, were endorsed or authorized by Burberry.

4. For these and other reasons, Defendants' conduct has caused and, unless enjoined, will continue to cause irreparable injury to Burberry and an incalculable loss of goodwill and damages.

## THE PARTIES

### Plaintiffs

5. Plaintiff Burberry Limited is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at Horseferry House, Horseferry Road, London SW1P 2AW, United Kingdom ("Burberry (UK)").

6. Plaintiff Burberry Limited is a corporation duly organized under the laws of New York with a principal place of business at 444 Madison Avenue, New York, New York 10022 ("Burberry (US)").

### Defendants

7. Upon information and belief, J.C. Penney Corporation, Inc. ("J.C. Penney") is a corporation duly organized under the laws of Delaware with a principal place of business at 6501 Legacy Drive, Plano, Texas 75024-3698. Defendant J.C. Penney offers for sale and sells apparel and other merchandise nationwide online and through stores in New York and elsewhere.

8. Upon information and belief, Defendant The Levy Group, Inc. ("Levy Group") is a privately held corporation duly organized under the laws of New York with a principal place of business at 512 Seventh Avenue, New York, NY 10018. Defendant Levy Group is a manufacturer, marketer and distributor of men's and women's outerwear and tailored clothing.

## JURISDICTION AND VENUE

9. This action is based on Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114, Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), Sections 349 and 360-1 of the New York Business Law, and the common law of the State of New York.

10. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) for the claims arising out of the violations of Sections 32(1)(a) and 43(a) and (c) of the Lanham Act; has supplemental jurisdiction pursuant to 28 U.S.C.§ 1367 for the claims arising out of the violation of Sections 349 and 360-1 of the New York Business Law and all other claims arising under the common law of the State of New York; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition.

11. This Court has personal jurisdiction over all Defendants. Defendant Levy Group is a New York corporation headquartered in New York County and regularly transacts business within this judicial district and elsewhere in New York. Defendant J.C. Penney regularly transacts business within this judicial district and throughout New York through several retail stores, including stores in Manhattan's Herald Square and in the Bronx. Jurisdiction is further proper over both Defendants because the unlawful, tortious conduct complained of herein has caused, and continues to cause, injury to Burberry within New York and this judicial district.

12. Upon information and belief, a substantial part of the events giving rise to the claims occurred in this district. Venue in this Court is therefore proper under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### A. Burberry and the Famous BURBERRY CHECK Trademarks

13. Burberry is a global luxury brand with a distinctively British heritage that designs and sources high-quality apparel, including coats and scarves as well as accessories.

14. Burberry's corporate heritage is rooted in Basingstoke, United Kingdom, where its predecessor in interest, Mr. Thomas Burberry, first opened an outfitters shop in 1856. In the 1920s, the BURBERRY CHECK Trademark was introduced by Mr. Burberry's company. The BURBERRY CHECK Trademark has been used on various Burberry merchandise over the

years, including, for example, clothing, accessories, and other items. The BURBERRY CHECK Trademark has been continuously used in both the original colors of red, camel, black and white, as well as other color combinations for over three quarters of a century.

15. Exemplars of the BURBERRY CHECK Trademarks are set forth below.





16. The BURBERRY CHECK Trademarks are in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of federal trademark registration certificates for the BURBERRY CHECK Trademarks are attached hereto as **Exhibit A**.

17. The BURBERRY CHECK Trademark has been featured on many of the products offered by Burberry in the United States including scarves, shirts and jackets, as well as luggage, handbags and other items. As a result of its widespread use, the BURBERRY CHECK Trademark has become a symbol of modern luxury as well as a symbol of Burberry and its high quality merchandise. The BURBERRY CHECK Trademarks have acquired secondary meaning and have come to be known as a source identifier for authentic Burberry merchandise.

18. In an effort to promote the BURBERRY CHECK Trademarks and to establish goodwill therein, Burberry has advertised and distributed merchandise displaying the BURBERRY CHECK Trademarks throughout the United States, in New York and within this judicial district. Burberry's advertising, promotional, and marketing efforts have resulted in

widespread and favorable public acceptance and recognition of the BURBERRY CHECK Trademarks.

19. Burberry's advertising, promotional, and marketing efforts and its continuous use of the BURBERRY CHECK Trademarks for many years has resulted in widespread and favorable public acceptance and recognition of the BURBERRY CHECK Trademarks. Burberry has attained one of the highest levels of recognition among luxury brands in the United States and the BURBERRY CHECK Trademarks have become famous.

**B. The Defendants' Sale of Infringing Burberry Merchandise**

20. Upon information and belief, Defendants are engaged in the business of importing, distributing, supplying, promoting and/or selling apparel. Upon information and belief, Defendant J.C. Penney sells merchandise through department stores and online nationwide, including the infringing products at issue here. Upon information and belief, Defendant Levy Group supplied merchandise that infringed the BURBERRY CHECK Trademarks to J.C. Penney, and J.C. Penney offered for sale and sold such merchandise to consumers.

21. Defendants, without authorization or license from Burberry, have willfully and intentionally used, reproduced and/or copied the BURBERRY CHECK Trademarks in connection with the sale and offer for sale of infringing Burberry products. Defendants have offered for sale and sold a "Scarf Coat" that features an exact copy of the BURBERRY CHECK Trademark on a scarf sold with an accompanying coat. Neither the scarf nor the "Scarf Coat" was manufactured, packaged, or approved for sale and/or distribution by Burberry. True and correct images of a representative "Scarf Coat", designated as Item No. FC262-4504D, appear below:







22. Defendants have also offered for sale and sold a "Quilted Jacket" that also features an exact copy of the BURBERRY CHECK Trademarks. The Quilted Jacket was not manufactured, packaged, or approved for sale and/or distribution by Burberry. True and correct images of a representative "Quilted Jacket", designated as Item Nos. RP263-1712D; RP264-4720D; and RP268-1812D, appear below:



23. Defendants' unauthorized use of the BURBERRY CHECK Trademarks began long after Burberry established its rights in BURBERRY CHECK Trademarks. Further, upon

information and belief, Defendants continued offering the infringing products for sale for approximately two months after learning of Burberry's objections to their use of the BURBERRY CHECK Trademarks on Scarf Coats and Quilted Jackets. By their actions, and their knowing and conscious disregard for Burberry's rights to the famous BURBERRY CHECK Trademarks, Defendants' activities are willful.

24. Even though Defendants' infringing products are of inferior quality, they appear superficially similar to genuine Burberry products. Defendants' actions are intended to deceive and mislead consumers into believing that Defendants' or their products are authorized, sponsored by or connected to Burberry.

25. The activities of Defendants complained of herein have and continue to irreparably harm Burberry and dilute the distinctive quality of the BURBERRY CHECK Trademarks. Defendants' egregious conduct makes this an exceptional case.

**FIRST CLAIM FOR RELIEF**

**Trademark Infringement Under Section 32 of the Lanham Act**

26. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 25 above.

27. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

28. The BURBERRY CHECK Trademarks are federally registered. These marks are inherently distinctive and are associated in the mind of the public with Burberry.

29. Defendants have used the BURBERRY CHECK Trademarks without Burberry's consent or authorization. Defendants' use, including the importation, sale, offer for sale, and/or distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to believe that Defendants' products emanate or originate from Burberry, or that Burberry has approved, sponsored or otherwise associated itself with Defendants or their infringing products.

30. Through its unauthorized use of the BURBERRY CHECK Trademarks, Defendants are unfairly benefiting from Burberry's goodwill and reputation, as well as the fame of the BURBERRY CHECK Trademarks. This has resulted in substantial and irreparable injury to the public and to Burberry.

31. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SECOND CLAIM FOR RELIEF

### Trademark Counterfeiting Under Section 32 of the Lanham Act

33. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 32 above.

34. Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the BURBERRY CHECK Trademarks on goods for which Burberry holds federal trademark registrations. Defendants have used these spurious designations in connection with the advertising, sale, offering for sale and/or distribution of

goods for their own financial gain. Defendants' egregious conduct makes this an exceptional case. Burberry has not authorized Defendants' use of the BURBERRY CHECK Trademarks to advertise, offer for sale, sell and/or distribute Defendants' infringing products.

35. Defendants' unauthorized use of the BURBERRY CHECK Trademarks on and in connection with the advertising and sale of counterfeit goods constitutes Defendants' use of Burberry's registered trademarks in commerce.

36. Defendants' acts as described in this Complaint constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## THIRD CLAIM FOR RELIEF

### False Designations of Origin and False Descriptions and Representations Under Section 43(a) of the Lanham Act

38. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 37 above.

39. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, *inter alia*, the use by a person of a false or misleading designation of origin or representation in connection with the offering for sale and sale of goods which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of such person with another person, or which is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship or approval of such goods.

40. As a result of Burberry's experience, care and service in producing and providing genuine Burberry products, these products have become widely known and have acquired a worldwide reputation for excellence. Moreover, the BURBERRY CHECK Trademarks have become uniquely associated with Burberry, and have come to symbolize the reputation for quality workmanship and luxury associated with Burberry and its merchandise. As such, the BURBERRY CHECK Trademarks have acquired secondary meaning. The BURBERRY CHECK Trademarks are also inherently distinctive.

41. By making unauthorized use in interstate commerce of the BURBERRY CHECK Trademarks, Defendants have used false designations of origin and false representations in connection with the importation, distribution, advertising, promotion, offering for sale and/or sale of goods that are likely to cause confusion, mistake or deception as to the affiliation or connection of Defendants with Burberry and as to the origin, sponsorship, association or approval of Defendants' goods by Burberry in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendants' wrongful acts will continue unless enjoined by this Court.

43. Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FOURTH CLAIM FOR RELIEF

### Trademark Dilution Under 43(c) of the Lanham Act

44. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 43 above.

45. Burberry Limited (UK) is the exclusive owner of the BURBERRY CHECK Trademarks.

46. The BURBERRY CHECK Trademarks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, IS U.S.C. § 1125(c), and have been famous and distinctive since long before Defendants began using confusingly similar and/or counterfeit marks. Among other things: (1) the BURBERRY CHECK Trademarks have a high degree of inherent distinctiveness; (2) the BURBERRY CHECK Trademarks have been used continuously for decades throughout the United States to promote many goods and services; (3) Burberry has advertised and publicized the BURBERRY CHECK Trademarks continuously for decades throughout the United States; (4) Burberry has used its trademarks in a trading area of broad geographical scope encompassing all of the states and territories of the United States; (5) the BURBERRY CHECK Trademarks are among the preeminent marks in the relevant market; (6) the BURBERRY CHECK Trademarks have an extremely high degree of recognition among consumers; (7) there are no trademarks similar to the BURBERRY CHECK Trademarks; and (8) the BURBERRY CHECK Trademarks are the subject of valid and subsisting registrations under the Lanham Act on the Principal Register.

47. Long after the BURBERRY CHECK Trademarks became famous, Defendants, without authorization from Burberry, used unauthorized reproductions, counterfeits, copies and colorable imitations of the BURBERRY CHECK Trademarks. Defendants' use of the BURBERRY CHECK Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Burberry's goods. Defendants' unlawful use of the BURBERRY CHECK Trademarks in connection with inferior, infringing goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Burberry and Defendants, thereby lessening the value of the BURBERRY CHECK Trademarks as unique identifiers of Burberry's products.

48. By the acts described above, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the famous BURBERRY CHECK Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

49. Defendants' wrongful acts will continue unless enjoined by this Court.

50. Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FIFTH CLAIM FOR RELIEF

### Deceptive Acts and Practices Under Section 349 of New York General Business Law

51. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 50 above.

52. Through their importation, distribution, advertisement, promotion, offering for sale and sale of products bearing marks confusingly similar to the BURBERRY CHECK Trademarks, Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

53. By the acts described above, Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods in violation of Section 349 of the New York General Business Law.

54. Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SIXTH CLAIM FOR RELIEF

**Trademark Dilution and Likelihood of Injury to Business Reputation Under Section 360-l of New York General Business Law**

55. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 54 above.

56. Burberry Limited (UK) is the exclusive owner of the BURBERRY CHECK Trademarks.

57. Through prominent, long and continuous use in commerce, including commerce within New York, the BURBERRY CHECK Trademarks have become and continue to be famous and distinctive.

58. Long after the BURBERRY CHECK Trademarks became famous, Defendants, without authorization from Burberry, used unauthorized reproductions, counterfeits, copies and colorable imitations of the BURBERRY CHECK Trademarks. Defendants' use of the BURBERRY CHECK Trademarks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Burberry's goods. Defendants' unlawful use of the BURBERRY CHECK Trademarks in connection with inferior, infringing goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Burberry and Defendants, thereby lessening the value of the BURBERRY CHECK Trademarks as unique identifiers of Burberry's products.

59. By the acts described above, Defendants have diluted the distinctiveness of the BURBERRY CHECK Trademarks and caused a likelihood of harm to Burberry's business reputation in violation of Section 360-1 of the New York General Business Law.

60. Defendants' wrongful acts will continue unless enjoined by this Court.

61. Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

**SEVENTH CLAIM FOR RELIEF**

**Trademark Infringement Under Common Law**

62. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 61 above.

63. By the acts described above, Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

64. Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

**EIGHTH CLAIM FOR RELIEF**

**Unfair Competition Under Common Law**

65. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 64 above.

66. By the acts described above, Defendants have intentionally engaged in unfair competition in violation of the common law of the State of New York.

67. Defendants' acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

**WHEREFORE**, Burberry prays:

A. For judgment that Defendants J.C. Penney and Levy Group:

(i) have violated Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

(ii) have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii) have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(iv) have engaged in deceptive acts and practices under Section 349 of the New York General Business Law;

(v) have diluted the BURBERRY CHECK Trademarks in violation of Section 360-l of the New York General Business Law;

(vi) have engaged in trademark infringement under the common law of the State of New York; and

(vii) have engaged in unfair competition in violation of the common law of the State of New York; and

B. That a preliminary and permanent injunction be issued enjoining and restraining Defendants J.C. Penney and Levy Group, each of their officers, agents, servants, employees and attorneys and all those in active concert or participation with either of them from:

(i) Using the BURBERRY CHECK Trademarks or any other reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK Trademarks on or in connection with any goods or services;

(ii) Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Burberry's business reputation or dilute the distinctive quality of the BURBERRY CHECK Trademarks;

(iii) Using any simulation, reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation or distribution of any products or their packaging;

(iv) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants are in any manner associated or connected with Burberry, or are sold, manufactured, licensed, sponsored, approved or authorized by Burberry;

(v) Destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offer for sale, advertising, promotion, rental or display of all

unauthorized products which infringe or dilute the BURBERRY CHECK Trademarks; and

(vi) Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (v).

C. For the entry of an order directing Defendants J.C. Penney and Levy Group to deliver up for destruction to Burberry all products, advertisements, promotional materials, and packaging in their possession or under their control bearing the BURBERRY CHECK Trademarks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118;

D. For an assessment of: (a) damages suffered by Burberry, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (b) all illicit profits that Defendants J.C. Penney and Levy Group have derived while using counterfeits or infringements of the BURBERRY CHECK Trademarks, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (c) statutory damages, awarded to Burberry pursuant to 15 U.S.C. § 1117(c), of up to $2,000,000 for each trademark that Defendants have counterfeited and infringed, as well as attorneys' fees and costs; and (d) an award of Burberry's costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; and (e) profits, damages and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law; and (f) punitive damages to the full extent available under the law; and

F. For costs of suit, and for such other and further relief as the Court shall deem appropriate.

Dated: February 9, 2016

By: ______________________

Michael J. Allan
Evan Glassman
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3900
(212) 506-3950
mallan@steptoe.com
eglassman@steptoe.com

*Counsel for Plaintiffs Burberry Limited, a United Kingdom corporation, and Burberry Limited, a New York corporation*